OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

In re Application of Samuels.
[Cite as In re Application of Samuels (1994),        Ohio
St.3d        .]
Attorneys at law -- Application for registration as a candidate
     for admission to the practice of law in Ohio disapproved.
     (No. 94-977 -- Submitted July 27, 1994 -- Decided October
19, 1994.)
     On Report by the Board of Commissioners on Character and
Fitness, No. 101.
     Michael E. Samuels filed an application to register as
candidate for admission to the practice of law on July 17,
1992.  Samuels was interviewed by the Columbus Bar Association
Admissions Committee, which recommended in June 1993 that his
application be disapproved.  A panel of the Board of
Commissioners on Character and Fitness heard the matter on
January 14, 1994 and agreed that Samuels did not possess the
fitness and character necessary to be admitted to the practice
of law in Ohio.
     The panel's conclusion was based on a variety of factors.
First, Samuels admitted a history of drug and alcohol
dependency.  He had been treated for cocaine dependency in
1986, but continued to use drugs until December 31, 1989, when
he apparently quit completely.  Samuels however continued
abusing alcohol.  He was convicted of operating a motor vehicle
with a prohibited concentration of alcohol in February 1990 and
again in June 1992.  Samuels subsequently participated as an
outpatient at a treatment center for chemical addiction, but
did not complete his program.  He has since attended Alcoholics
Anonymous meetings with some regularity.
     The panel's second concern was three instances in which
Samuels had engaged in the unauthorized practice of law as a
law clerk.  Samuels prepared and filed a "Qualified Domestic
Relations Order" for his cousin in 1989, and he appeared on
behalf of two acquaintances before the Columbus Civil Service
Commission in 1992.  After its investigation of these
incidents, Samuels entered into a consent agreement with the
Columbus Bar Association Committee on the Unauthorized Practice
of Law and agreed to cease such activities.

The third factor considered by the panel was Samuels's failure to disclose information requested on his application to the bar. Specifically, he did not reveal either of his OMVI convictions, even though both occurred within three years before his application was filed.

A fourth impediment to Samuels's acceptance as a candidate for the bar was his history of financial irresponsibility. Samuels has accumulated over $20,000 in debt since he entered law school in 1984. He owes for student loans, credit cards, utilty and medical expenses, and for a deficiency judgment entered after his car was repossessed. His largest debt is to Capital Law School for some $9,500 worth of tuition. For the most part, Samuels has made no effort to pay these debts.

Finally, the panel observed that Samuels had not responded promptly to questions of an investigator assigned by the National Conference of Bar Examiners. Similarly, Samuels did not timely advise the panel that he was represented until the day of the hearing, when he appeared with counsel for the first time in these proceedings.

Despite the number and significance of these deficiences, the panel was impressed with Samuels's dogged determination to become a practicing attorney and what appeared to be a genuine commitment to changing the direction of his life. The panel thus recommended disapproval of Samuels's bar application and that he be precluded from reapplying until necessary to take the July 1996 exam. The panel obviously anticipates that Samuels will continue to rehabilitate his character and fitness in the meantime. The board adopted the panel's findings and recommendation.

Culbreath & Associates and Stanlee Culbreath, for the applicant.

Luper, Wolinetz, Sheriff & Neidenthal and Gunther K. Lahm, for the Columbus Bar Association.

Per Curiam. After careful consideration of the record before us, we concur in the board's findings and recommendation. Samuels's application for registration as a candidate for admission to the practice of law in Ohio is disapproved. He may not reapply until necessary to become eligible to take the July 1996 bar examination.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Wright, J., not participating.